IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

ADAM STEPHEN KELLY and
LISA ANN KELLY,

Case No. 6:12-bk-05288-KSJ

Debtors.
_____/

ADAM STEPHEN KELLY and
LISA ANN KELLY,

Adversary No: 6:12-ap-00102-KSJ

Plaintiffs,

v.

UNITED STATES OF AMERICA
DEPARTMENT OF EDUCATION,
et al.

Defendants.
_____/

## STIPULATIONS BY THE PARTIES

The parties, in accordance with the court's order, file the following stipulations with regard to the facts and issues in this case. The following reflects only the matters on which all parties are in agreement.

**1.     Education**

Lisa Kelly

Associate of Arts
Bachelor of Science (Elementary Education)
Master of Arts (Special Education)

Adam Kelly

Bachelor of Fine Arts in Digital Animation/Media

## 2. Employment

Lisa Kelly

2011 through present: Teacher for Polk County at Horizons Elementary
2006-2011: Teacher at various schools

Adam Kelly

2005 to present: WJRT-TV.

## 3. Income

Lisa Kelly

2012: Gross $38,561.49/year, Net $30,792/year
2011: Gross $2,984/month; Net $2,407/month
2006 - 2011: Gross $3,724/month; Net: $2,359/month

Adam Kelly

2012: Gross $43,077/year, Net 25,378/year
2011: Gross: $37,245/year; $24,096/year

## 4. Adjusted Annual Gross Family Income

2012: $77,606

2011: $71,291

2010: $76,610

2009: $83,382

2008: $76,486

2007: $71,169

## 5. Dependents

Galvin Hunter Kelly (born 2/17/10)
Noah Elias Kelly (born 11/29/11)*

*Noah Kelly has a permanent physical disability. He was born with Spinal Bifida and Hydrocephalus. Has had, and may need to have, surgery. Some expenses of care are covered by insurance.

6. **Loan Balances**

**Stipulations as to Lisa Kelly's loan with the Department of Education**

1. Lisa Kelly has 1 Direct Loan Consolidation from 04/12/2012. The current balance is $40,151.43; Principal $38,184.71 7 Interest $1,966.72. Interest Rate is 6.250%. Monthly Payments are $202.96 on the Graduated Payment Plan.

**Stipulations as to Adam Kelly's Loans with Educational Credit Management Corporation**

1. ECMC is the current holder of a student loan owed by Adam Kelly that was made pursuant to the Federal Family Educational Loan Program ("FFELP"), and is now owed to ECMC. Specifically, ECMC is the current holder of a consolidated FFELP loan that was made to Adam Kelly under a Federal Consolidation Loan Application and Promissory Note dated January 5, 2006 (the "ECMC FFELP Loan"). The ECMC FFELP Loan consolidated and paid off three separate loans in the aggregate amount of $17,125.00 that Adam Kelly had previously obtained. The consolidation loan was disbursed on February 2, 2006 in the total principal amount of $17,417.00.

2. As of January 31, 2013, the total amount of the student loan debt Plaintiff Adam Kelly owes to ECMC with respect to the ECMC FFELP Loan that is the subject of this adversary proceeding was $11,955.45, with interest accruing at the rate of $1.51 per diem.

3. The ECMC FFELP Loan that Plaintiff Adam Kelly owes to ECMC is eligible for consolidation in the William D. Ford Direct Loan Program (the "Ford Program"), which can be found at 34 C.F.R. Part 685 et seq.

4. Under the Ford Program, Adam Kelly is also eligible for several fixed, amortized payment options, which will fully repay his debt to ECMC. Based upon the $11,955.45 balance owed as of January 31, 2013, the estimated amount of Adam Kelly's monthly payments for the debt owed to ECMC, under these options, at an interest rate of 4.75%, would be as follows:

a. Under the Standard repayment plan, Adam Kelly would have 180 monthly payments of $92.99 each.

b. Under the Graduated plan, Adam Kelly would have 180 monthly payments, the amounts of which would increase over time, as follows:

| Period (years) | Monthly Payment |
| --- | --- |
| 1 - 2 | $65.85 |
| 3 - 4 | $73.60 |
| 5 - 6 | $82.26 |

|         |          |
| ------- | -------- |
| 7 - 8   | $91.94   |
| 9 - 10  | $102.76  |
| 11 - 12 | $114.86  |
| 13 - 14 | $128.38  |
| 15      | $143.49  |

5. Prior to the Petition Date, Adam Kelly was making payments of $46.00 per month with respect to the ECMC FFELP Loan. ECMC is amenable to Adam Kelly making payments in the amount of $46.00 per month, for 163 months, until the total amount of $7,498.00 is paid to ECMC, with such amount constituting full payment of the ECMC FFELP Loan.

**Stipulations as to National Collegiate Trust:**

1. This court has jurisdiction over this proceeding pursuant to title 28 U.S.C. 157(b)(2)(I) and this is a core proceeding.

2. Plaintiffs filed a Chapter 7 petition herein on April 20, 2012, case number 12-05288.

3. Adam S. Kelly is indebted to NCT arising out of one Note and Disclosure Statement, Non-negotiable Credit Agreement, and associated documents disbursed on or about July 30, 2003 in the original amount of $6,000.00 and delivered to Bank One, N.A. (hereinafter "Loan 01").

4. NCT is the assignee of Bank One, N.A. and current owner of the subject educational loan (Loan 01). The amount due and owing is the principal balance of $6,387.34 together with accrued interest of $31.67 through August 8, 2012, and interest thereafter at the rate of 4.65% per annum.

5. A copy of the Loan Request Credit Agreement for Loan 01 is attached hereto as NCT Exhibit "A".

6. A copy of the Note Disclosure Statement for Loan 01 is attached hereto as NCT Exhibit "B".

7. Adam S. Kelly is indebted to NCT arising out of a Note Disclosure Statement and Non-Negotiable Credit Agreement disbursed on or about March 18, 2004 in the original amount of $22,000.00 and delivered to Bank One, N.A. (hereinafter "Loan 02").

8. NCT is the assignee of Bank One, N.A. and current owner of the subject educational loan (Loan 02). The amount due and owing is the principal balance of $23188.30, together with accrued interest of

$114.95 through August 8, 2012, and interest thereafter at the rate of 4.65% per annum.

9. A copy of the Loan Request Credit Agreement for Loan 02 is attached hereto as NCT Exhibit "D".

10. A copy of the Note Disclosure Statement for Loan 02 is attached hereto as NCT Exhibit "E".

11. The subject loans are educational loans as defined in 11 U.S.C. section 523 (a)(8).

12. The parties stipulate as to the admission of Exhibits A, B, D, and E.

**Stipulations as to State of Michigan Finance Authority (MFA)**

1. Adam Kelly loans with the MFA total $86, 217.81 with interest.

2. The total monthly payment on the loans is $ 671.68

3. The total amounts consist of 4 separate loans:

4. Note ID 230922 dates from 6/20/2001, has a disbursed amount of $14,000.00, a balance due as of 1/16/2013 of $17,180.13, an interest rate of 7.5% and a monthly payment of $151.70. This note is cosigned by Adam's parents Stephan and Monti Kelly.

5. Note ID 287330 dates from 8/8/2002, has a disbursed amount of $21,098.00, a balance due as of 1/16/2013 of $24,299.92, an interest rate of 5.95% and a monthly payment of $189.10. This note is cosigned by Adam's Dad, Stephan Kelly.

6. Note ID 334096 dates from 9/8/2003, has a disbursed amount of $20,129.00, a balance due as of 1/16/2013 of $25,174.57, an interest rate of 5.95% and a monthly payment of $189.37.

7. Note ID 401314 dates from 10/5/2004, has a disbursed amount of $15,000.00, a balance due as of 1/16/2013 of $19,563.19, an interest rate of 5.95% and a monthly payment of $141.51.

Dated: February 15, 2013          Respectfully submitted,

                                  ROBERT E. O'NEILL
                                  United States Attorney

By: /s/ Bradley M. Bole
Bradley M. Bole
Assistant United States Attorney
Florida Bar No. 0371009
501 West Church Street, Suite 300
Orlando, Florida 32805
TEL: (407) 648-7500
FAX: (407) 648-7588

**RASCO KLOCK PEREZ & NIETO, P.L.**
Attorneys for ECMC
283 Catalonia Avenue, Second Floor
Coral Gables, Florida 33134
Telephone: (305) 476-7100
Facsimile: (305) 476-7102

By: /s/ John D. Eaton
JOHN D. EATON
Florida Bar No. 0861367
**jeaton@rascoklock.com**

By: /s/ Moe Freedman
Attorney for Michigan Finance Authority
Moe Freedman
Assistant Attorney General
Revenue & Collections Division
3030 W. Grand Blvd. Ste. 10-200
Detroit MI 48202
313.456.0044
**FreedmanM1@michigan.gov**

/s/ Joseph M. McCandish
Joseph M. McCandlish #13731
Weltman Weinberg & Reis, Co. LPA
175 S. Third Street, Suite 900
Columbus, OH 43215
614/857-4410  614/222-2193
jmccandlish@weltman.com
Counsel for National Collegiate Student
Loan Trust 2004-1 and 2003-1

/s/ Adam Stephen Kelly
Adam Stephen Kelly
137 Fair Hope Pass, FL 33897
Davenport, FL 33897
Debtor, Pro Se

/s/Lisa Ann Kelly
Lisa Ann Kelly

/s/ Kim Hernandez Vance
Kim Hernandez Vance

| | |
|---|---|
| 137 Fair Hope Pass<br>Davenport, FL 33897<br>Debtor, Pro Se | 401 E. Jackson Street, Suite 2700<br>Tampa, FL 33602<br>Counsel for American Education<br>Services |

### CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2013, a copy of the foregoing stipulation was electronically filed with the Clerk of the Court and served either by electronic transmission or by United States first class mail postage prepaid to the following:

Adam Stephen Kelly and Lisa Ann Kelly
137 Fair Hope Pass
Davenport, FL 33897

/s/Bradley M. Bole
Assistant United States Attorney

1 of 2

### *Cosigned* - Loan Application/Promissory Note – Signature Page

**NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION**

#### LOAN PROGRAM INFORMATION

Education One℠ Undergraduate Loan  Lender: Bank One, N.A.  Academic Period: 09/2003-05/2004
Loan Amount Requested: $6000.00  School: COLLEGE FOR CREATIVE STUDIES
Deferral Period Margin: 4.85  Repayment Option: Deferred Principal and Interest
Repayment Period Margin: 4.85  Loan Origination Fee Percentage: 6.50

#### STUDENT BORROWER INFORMATION (Must be at least 18 years of age)

Borrower Name: Adam E Kelly  Home Address: 200 W South St Apt a5  Davison, MI 48423
Social Security #: [redacted]  Date of Birth: [redacted]  Home Telephone: 8106545896
Student Citizenship (check one box): ☒ U.S. Citizen ☐ Eligible Non-Citizen (Attach front & back copy of INS or student visa card)
Note: Personal reference name and address cannot match that of the Cosigner.
Personal Reference Name: Mandi Kelly  Reference Home Tel #: (810) 653-3454  Work Tel #:
Reference Street Address: 4037 N Gale Rd
Reference City/State/Zip: Davison, MI 48423

#### COSIGNER INFORMATION (Must be at least 18 years of age)

Cosigner Name: Stephen Kelly  Home Address: 200 W South St Apt a5  Davison, MI 48423
Social Security #: [redacted]  Date of Birth: [redacted]  Home Telephone: 8106549896
Have you ever defaulted on a student loan or declared bankruptcy? ☒ No ☐ Yes
Current Employer: SNKPC SYSTEMS INC  Employer Telephone: 8105561187
Current Position: Owner of business  Years There: 12 Years
Years at Previous Employment:
Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation. If you are relying on such additional income, please provide details on a separate sheet of paper.

Cosigner Citizenship (check one box): ☒ U.S. Citizen ☐ Eligible Non-Citizen (Attach front & back copy of INS)
Note: Personal reference name and address cannot match that of the Borrower.
Personal Reference Name: Joy Brady  Reference Home Tel #: (810) 728-1034  Work Tel #:
Reference Street Address: 201 S Ada St
Reference City/State/Zip: Joliet, MI 60436

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this Application/Promissory Note EO.03-04.CSX1.20.0603. I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment. I understand that I am not required to fax my signature on this Application/Promissory Note to Lender. If I choose to fax my signature on this Application/Promissory Note to Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial Code. I, the Cosigner, have read the applicable cosigner notice(s).

**FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

**FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER:**
(a) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

**PLEASE SIGN BELOW – RETURN This Page With Proof of Income and Other Information (if applicable)**

Signature of Borrower: /s/ Adam Kelly  Date: 7/21/03
Signature of Cosigner: /s/ Stephen N Kelly  Date: 7-21-03

EO.03-04.CSX1.20.9603
PN03_EO_03-04_CSX1_F_X_KELLY_A10168191B.pdf  LENDER COPY


EXHIBIT A

In this Application/Promissory Note, the words "I", "me", "my", and "mine" mean each and every Borrower and Cosigner, individually and collectively, who signed this Application/Promissory Note. The words "you", "your", "yours", and "Lender" mean Bank One, N.A., its successors and assigns, and any other holder of this Application/Promissory Note. "School" means the school named at the top of the first page of this Application/Promissory Note.

A. **PROMISE TO PAY:** I promise to pay to your order, upon the terms and conditions of this Application/Promissory Note, all principal, interest and other charges set forth herein.

B. **LOAN; DISCLOSURE STATEMENT:**

1. By signing this Application/Promissory Note, and submitting it to you, I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Application/Promissory Note. When you receive my signed Application, you are not agreeing to lend me money. You have the right not to make a loan or to lend an amount less than I am requesting. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.

2. If you decide to make a loan to me, you will mail me the disbursement check (the "Disbursement Check") and a statement disclosing certain information about the loan in accordance with the federal Truth-in-Lending Act (the "Disclosure Statement"). You have the right to disburse my Disbursement Check through an agent. At your option, you may also make any Disbursement Check co-payable to me and the Cosigner or to me and the School. In addition to other information, the Disclosure Statement will tell me the amount of my disbursement and the amount of the Loan Origination Fee. The Disclosure Statement is part of this Application/Promissory Note. Upon receipt of the Disclosure Statement, I will review the Disclosure Statement and notify you in writing if I have any questions. My endorsement of the Disbursement Check will acknowledge receipt of the Disclosure Statement and my agreement to be legally bound by this Application/Promissory Note.

3. If I am not satisfied with the terms of my loan as disclosed in the Disclosure Statement, I may cancel my loan. To cancel my loan, I will give you a written cancellation notice, together with my unused Disbursement Check or, if I have already endorsed and delivered the Disbursement Check to the School, a good check, payable to you, in the full amount of the Disbursement Check. If I have delivered the Disbursement Check to the School, I cannot cancel more than ten (10) days after I originally received the Disbursement Check. If I give notice of cancellation but do not comply with the requirements of this Paragraph B.3, this Application/Promissory Note will not be canceled and I will be in default of this Application/Promissory Note. (See Paragraph I.)

C. **DEFINITIONS:**

1. "Disbursement Date" means the date shown on any Disbursement Check you prepare for me (not the date I endorse or negotiate my check).

2. The "Deferment Period" will begin on the Disbursement Date and end on the Deferment End Date.

3. "Deferment End Date" means the date specified below for the applicable loan program (the applicable loan program is stated on the first page of this Application/Promissory Note).

(a) *Education One Undergraduate Alternative Loan Program:* If I have elected the "Immediate Repayment" option (the applicable repayment option is stated on the first page of this Application/Promissory Note), there is no Deferment Period, and my first payment will be 30-60 days after the last disbursement of my loan. If I have elected the "Interest Only" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then interest payments will begin 30-60 days after the first disbursement of my loan, the "Deferment End Date" will be the date the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this loan program), and principal and interest payments will begin 30-60 days after that date. If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then the "Deferment End Date" will be 180 days after the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this Loan Program). In any event, the Deferment End Date will be no more than 4½ years after the Disbursement Date (or 5½ years if the Student is enrolled in a five-year undergraduate program at the School).

(b) *Education One Graduate Professional Education Loan Program:* 180 days after the Student graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4½ years after the Disbursement Date; provided, however, that if the Student begins a medical residency or internship during the Deferment Period, then the Deferment Period will end 180 days after the day the residency or internship ends, but no more than 8½ years after the Disbursement Date.

4. The "Repayment Period" begins the day after the Deferment Period ends, (or, if there is no Deferment Period, the day after the Disbursement Date). The Repayment Period is 20 years, unless monthly payments equal to the minimum monthly payment amount (See Paragraph E.4) will repay all amounts owed in less than 20 years, in which case the Repayment Period will be the number of months necessary to pay in full the amount I owe at the minimum payment.

D. **INTEREST:**

1. Accrual – Beginning on the Disbursement Date, interest on the outstanding balance of this Application/Promissory Note will accrue on the unpaid Loan Amount each day (including holidays and other days you are closed) at the Variable Rate (Paragraph D.2) divided by the number of days in the year in question.

2. Variable Rate – The "Variable Rate" is equal to the Current Index plus a Margin. The Margins for both the Deferment Period and the Repayment Period are shown on the first page of this Application/Promissory Note. In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio. The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date) is based on the London Interbank Offered Rate ("LIBOR") as published in the "Money Rates" section of *The Wall Street Journal*. Each calendar quarter, the index will equal the average of the LIBOR rates published on the first business day of each of the three (3) calendar months immediately preceding such calendar quarter, rounded to the nearest one-hundredth percent (0.01%). If *The Wall Street Journal* was not published or if the LIBOR rate was not published on any one or more of the first business days of each of the three calendar months immediately preceding the calendar quarter, then the Current Index will be determined by using the immediately preceding Current Index. If on any first business day of a calendar month more than one LIBOR rate is published, then the highest rate published will be used to calculate the Current Index. If the LIBOR rate is no longer available, you will choose a comparable index.

3. Capitalization – If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), I am not obligated to make any payments until the loan enters the Repayment Period. You will add unpaid accrued interest to the principal loan balance as of the last day of each calendar quarter (the last day of December, March, June and September) during the Deferment Period and at the end of my Deferment Period. Interest that is added to principal is called "Capitalized" interest. Capitalized interest will be treated as principal. In addition, if I am in default and the loan has been sold to TERI (see Section L.12), TERI may capitalize accrued and unpaid interest as of the date it purchases my loan. I understand that you will add all accrued and unpaid interest to the principal balance of my loan on the last day of the Deferment Period and at the end of any forbearance period.

E. **TERMS OF REPAYMENT:**

1. Deferment Period – If I have elected either the "Interest Only" repayment option or the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), you will send me statements during the Deferment Period (showing the total outstanding principal balance of my loan and the interest that has accrued on my loan). Statements will be sent to the address shown on your records. If I have elected the "Interest Only" repayment option, I agree to make payments each month during the Deferment Period equal to the accrued interest on the outstanding balance of this Application/Promissory Note. If I have elected the "Full Deferral" repayment option I may, but am not required to make payments during the Deferment Period. You will add any interest that I do not pay during the Deferment Period to the principal balance, as described in Paragraph D.3.

2. Repayment Period – During the Repayment Period, you will send me monthly statements or a coupon book which shows the amounts of minimum monthly payments and the payment due dates. You reserve the right to send monthly statements or coupon books to either the Borrower or the Cosigner. I will make consecutive monthly payments in amounts at least equal to such minimum monthly payments by the applicable payment due dates until I have paid all of the principal and interest and any other charges I may owe under this Application/Promissory Note.

3. Repayment Terms – My monthly payment will be established based on the rules in this Application/Promissory Note when my Repayment Period begins. My monthly payment amount will be calculated as of the day the Repayment Period begins ("Repayment Date"). It will also be calculated following any subsequent deferment or forbearance period or any request by the Borrower to the servicer to change the monthly payment due date (each of which events is a new "Repayment Date"). After any Repayment Date is set, my monthly payment will be recalculated once each year prior to the anniversary of the Repayment Date. My new monthly payment amount, which will take effect on the anniversary of the Repayment Date, will be disclosed to me each year by the servicer. The new monthly repayment amount will equal the amount necessary to pay in full, over the number of months remaining in the Repayment Period, the amount I owe in equal monthly installments of principal and interest at the Variable Rate in effect at the time of the calculation. I understand that this may result in a reduction or increase in my monthly payment as calculated each year. I understand that during the Repayment Period (and, if I have elected the "Interest Only" repayment option, during the period of monthly interest payments) the servicer may change the monthly payment due date of future payments to a later date for the convenience of the servicer in processing payments or in order to coordinate the due dates of all of my loans processed by the servicer. This change in monthly payment due date may result in the charging of additional interest in the month of the change, which I agree to pay.

4. Minimum Repayment – During the Repayment Period, my minimum payment will be at least $25 each month or the entire unpaid loan balance, whichever is less. I understand that I may pay more than my monthly payment at any time without penalty or charge.

5. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal, interest, and/or late charges at the end of

the Repayment Period. If I have not paid my late charges. I will also owe additional amounts for those late charges. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full in a single payment.

6. Payments – Payments will be applied first to late charges and other fees and charges, then accrued interest, and the remainder to principal. If I have multiple loans processed by the servicer, and I submit a single payment that is not sufficient to pay all of the amounts I owe, such payment will be divided between or among the loans in accordance with applicable law and the servicer's customary procedures

7. Other Charges - If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late charge not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. I will pay only one late charge for any payment, regardless of the number of days it is late. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of this Application/Promissory Note, including reasonable collection agency and attorney's fees and court costs and other collection costs.

F. **LOAN ORIGINATION FEE:** You may charge me an Origination Fee. If you charge me, at the time you issue any disbursement to me, or on my behalf, you may add the Origination Fee to my loan amount. The dollar amount of any Loan Origination Fee will be determined by multiplying the sum of the Loan Origination Fee and the Loan Amount Requested, to the extent advanced to me, times the Loan Origination Fee Percentage shown on the first page of this Application/Promissory Note. The percentage would be higher if computed only on the amount advanced rather than the entire principal amount (Loan Origination Fee plus Loan Amount Requested). For example, a nominal Loan Origination Fee of 6.5% on the entire principal amount would equal 6.9519% of the amount advanced. The Loan Origination Fee I will pay, if any, will be shown on my Disclosure Statement and will be added to the principal amount of my loan. To the extent permitted by law, and unless I timely cancel this Application/Promissory Note (see Paragraph B.3), I will not be entitled to a refund of any Loan Origination Fee after my Disbursement Check has been negotiated.

G. **RIGHT TO PREPAY:** I have the right to prepay all or any part of my loan at any time without penalty or charge.

H. **FORBEARANCE:** If I am unable to repay my loan in accordance with the terms established under this Application/Promissory Note, I may request that you modify these terms. I understand that such modification would be at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance and that you will add any interest that I do not pay during any forbearance period to the principal balance, as described in Paragraph D.3.

I. **WHOLE LOAN DUE:** To the extent permitted by applicable law, I will be in default if: (1) I fail to make any monthly payment to you when due, (2) I die, (3) I break any of my other promises in this Application/Promissory Note, (4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefits of my creditors, or (5) I make any false written statement in applying for this loan or at any time during the Deferment or Repayment Periods. I understand that if I default on my loan, disclosure of my loan information to consumer reporting agencies may adversely affect my credit rating. If I default, I will be required to pay interest on this loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default. To the extent permitted by law, upon default, you will have the right to give me notice that all amounts outstanding under this Application/Promissory Note are due and payable at once. Upon default, you may also capitalize any interest and fees (i.e., add accrued and unpaid interest and fees to the principal balance), and increase the Margin used to compute the Variable Rate by two percentage points (2%).

J. **NOTICES:**

1. I will send written notice to the servicer authorized by you to service my loan account, or any subsequent holder of this Application/Promissory Note, within ten days after any change in my name, address, or enrollment status at the School. I will send any notice that I give under this Application/Promissory Note to the servicer authorized by you to service my loan account, to the address you provide.

2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me. Unless required by applicable law, you need not give a separate notice to the Cosigner, if any.

K. **INFORMATION:**

1. I must update any and all information related to this Application/Promissory Note or my loan application whenever you ask me to do so.

2. I authorize you from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).

L. **ADDITIONAL AGREEMENTS:**

1. I understand that you are located in OHIO and that this Application/Promissory Note will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS APPLICATION/PROMISSORY NOTE WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES.

2. The proceeds of this loan will be used only for my educational expenses at the School. The Cosigner will not receive any of the loan proceeds.

3. My responsibility for paying the loan evidenced by this Application/Promissory Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Application/Promissory Note you may accept (a) late payments, (b) partial payments or (c) payments marked "paid in full" or with other restrictions. You may delay, fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time, or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Application/Promissory Note to me for payment or make protest of non-payment to me before suing to collect on this Application/Promissory Note if I am in default, and to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions. I WILL NOT SEND YOU PAYMENTS MARKED "PAID IN FULL", "WITHOUT RECOURSE" OR WITH OTHER SIMILAR LANGUAGE UNLESS THOSE PAYMENTS ARE MARKED FOR SPECIAL HANDLING AND SENT TO THE ADDRESS IDENTIFIED FOR SUCH PAYMENTS ON MY BILLING STATEMENT, OR TO SUCH OTHER ADDRESS AS I MAY BE GIVEN IN THE FUTURE.

4. I may not assign this Application/Promissory Note or any of its benefits or obligations. You may assign this Application/Promissory Note at any time.

5. The terms and conditions set forth in this Application/Promissory Note and Instructions and the Disclosure Statement constitute the entire agreement between you and me.

6. If any provision of this Application/Promissory Note is held invalid or unenforceable, that provision shall be considered omitted from this Application/Promissory Note without affecting the validity or enforceability of the remainder of this Application/Promissory Note.

7. A provision of this Application/Promissory Note may only be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Application/Promissory Note. If I fax my Application/Promissory Note, I have read and understand the prohibition regarding changes in Paragraph L.16.

8. To the extent permitted by law, you have the right to apply money from any of my deposit account(s) with you to pay all or a portion of any amount overdue under this Application/Promissory Note. If I am in default at any time (including but not limited to a situation where I give an improper cancellation notice), you may exercise on my behalf any right that I may have to cancel my enrollment at the School and receive a full or partial refund of payments made to the School. I authorize the School to pay any or all of such amounts directly to you upon receipt of notice from you that I am in default under this Application/Promissory Note, and I give you a security interest in all such amounts.

9. If this Application/Promissory Note is executed by more than one Borrower, any notice or communication between you and any of the Borrowers will be binding on all of the Borrowers. Each Borrower intends to be treated as a principal on this Application/Promissory Note and not as a surety. To the extent any Borrower may be treated as a surety, such Borrower waives all notices to which such Borrower might otherwise be entitled as such by law, and all suretyship defenses that might be available to such Borrower (including, without limitation, contribution, subrogation and exoneration). Each Borrower agrees that any Borrower may agree to any forbearance or other modification of the repayment schedule and that such agreement will be binding on each Borrower. It shall not be necessary for you to resort to or exhaust your remedies against any Borrower before calling upon any other Borrower to make repayment.

10. All dollar amounts stated in this Application/Promissory Note are in United States dollars. I will make all payments in United States Dollars with no deduction for currency exchange.

11. The Student's failure to complete the education program paid for with this loan will not relieve any Borrower of any obligation under this Application/Promissory Note.

12. **I acknowledge that the requested loan may be subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit loan guaranty agency.**

13. I authorize any School that I may attend to release to you, and any other persons designated by you, any requested information pertinent to this loan (e.g., enrollment status, prior loan history, and current address).

14. I authorize the Lender, any subsequent holder of this Application/Promissory Note, and their agents to: (1) advise the School of the status of my application and my loan, (2) respond to inquiries from prior or subsequent lenders or holders with respect to my Application/Promissory Note and related documents, (3) release information and make inquiries to the persons I have given you as references, for the purposes of learning my current address and telephone number, (4) check my credit and employment history and to answer questions about their credit experience with me, and (5) disclose to TERI, the Borrower, and/or the Cosigner either in connection with this transaction or any future transaction all information (including status information and non-public personal information) of the Borrower and/or the Cosigner provided in connection with this Application/Promissory Note.

15. Waiver by Lender: Except as stated in Paragraph L.8, you waive (give up) any right to claim a security interest in any property to secure this Application/Promissory Note. This does not affect any right to offset as a matter of law.

16. If I fax my signature(s) on the first page of this Application/Promissory Note back to you and keep the copy I signed, I understand that under federal law the fax you receive will be an original of the first page of this Application/Promissory Note and I will refax the first page upon request by Lender. I may NOT amend the Application/Promissory Note by making changes to the Signature Page, which are then faxed to Lender. If the Borrower faxes the Signature Page, and the Lender approves the application, then there will be two originals of the Agreement; the Lender's copy and the Borrower's copy.

## M. STATE DISCLOSURE NOTICES

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis.

CALIFORNIA and UTAH RESIDENTS ONLY: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. (For purposes of the following two notices, the word "you" refers to the Borrower and the Cosigner, not the Lender.)

IOWA RESIDENTS ONLY: If you are an Iowa resident and your amount financed is $25,000 or less, this is a consumer credit transaction.

IOWA and KANSAS RESIDENTS: NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under 12 U.S.C. §85 and related regulations and interpretations, which authority you expressly reserve.

MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

NEVADA RESIDENTS: This is a loan for study.

NEW YORK, RHODE ISLAND, and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with updates, renewals of extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

NEW JERSEY RESIDENTS ONLY: The section headings of this Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

OKLAHOMA RESIDENTS ONLY: If I am in default and only if the total amount disbursed under this Note is greater than $3,600 (or any higher dollar amount established by law for the payment of such fees), I agree to pay the Lender's attorney's fees and court costs up to 15% of the unpaid debt.

WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 of the Wisconsin Statutes or court decree under Section 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, a statement or a decree or have actual knowledge of the adverse provision. If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

N. BORROWER'S CERTIFICATION: I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that all information I provided to you in connection with this loan, including without limitation the information contained in this Application/Promissory Note, is true, complete and correct to the best of my knowledge and belief and is made in good faith. I understand that I am responsible for repaying immediately any funds that I receive which are not to be used or are not used for educational expenses related to attendance at the School for the academic period stated. I certify that I am not now in default on a Federal Perkins Loan, a Federal Stafford Loan, a Federally Insured Student Loan, a Federal Supplemental Loan for Students (SLS), a Federal PLUS Loan, an Income Contingent Loan, a Federal Consolidation Loan, a Federal Ford Direct Loan, or any other education loan received for attendance at any school.

O. STATE-SPECIFIC COSIGNER NOTICES: For the purposes of the following notices only, the words "you" and "your" refer to the Cosigner, where applicable, not to the Lender.

FOR OBLIGORS COSIGNING IN VERMONT: For purposes of the following notice, the words "you" and "your" refer to any Cosigner, not to the Lender. "Note" means this Application/Promissory Note. *NOTICE TO COSIGNER:* YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

# FEDERAL AND CALIFORNIA COSIGNER NOTICES

For the purposes of these Notices, the words "you" and "your" refer to the Cosigner, not the Lender.

**NOTICE TO COSIGNER (Traduccion en Ingles Se Requiere Por La Ley):**
You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The holder of the loan can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of *your* credit record.

This notice is not the contract that makes you liable for the debt.

**AVISO PARA EL FIADOR (Spanish Translation Required by Law):**
Se le está pidiendo que garantice esta deuda. Piénselo con cuidado antes de ponerse de acuerdo. Si la persona que ha pedido este préstamo no paga la deuda, usted tendrá que pagarla. Esté seguro de que usted podrá pagar si sea obligado a pagarla y de que usted desea aceptar la responsabilidad.

Si la persona que ha pedido el préstamo no paga la deuda, es posible que usted tenga que pagar la suma total de la deuda, mas los cargos por tardarse en el pago o el costo de cobranza, lo cual aumenta el total de esta suma.

El acreedor (financiero) puede cobrarle a usted sin, primeramente, tratar de cobrarle al deudor. Los mismos metodos de cobranza que pueden usarse contra el deudor, podran usarse contra usted, tales como presentar una demanda en corte, quitar parte de su sueldo, etc. Si alguna vez no se cumpla con la obligación de pagar esta deuda, se puede incluir esa información en la historia de credito *de usted*.

Este aviso no es el contrato mismo en que se le echa a usted la responsabilidad de la deuda.

W0091242.12}EO.03-04.CSX1.20.0603.FD

# NOTE DISCLOSURE STATEMENT

$ __6,417.11__  
Loan No. __▉▉▉▉▉__

Borrower(s): ADAM S KELLY  
STEPHEN KELLY

Student: ADAM S KELLY  
Date: JULY 30, 2003

Lender Name and Address:  
BANK ONE, NA (OHIO)  
100 EAST BROAD STREET  
COLUMBUS, OH  43125

This disclosure statement relates to your Loan Note disbursed on JULY 30, 2003.  
Because your Loan is either being disbursed or entering repayment, or the repayment terms are being modified, the following information about your Loan is being given to you.

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments scheduled. |
|---|---|---|---|
| 6.626 % | $ 6,513.60 | $ 6,000.00 | $ 12,513.60 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are due |
|---|---|---|
| 240 | $ 52.14 | On the 1st day of each month beginning on 11/2005 |
| | | |
| | | |

**VARIABLE RATE:** The Annual Percentage Rate, which is based on an index plus a margin, may increase during the term of the loan if the index rate increases. The index is (check one):

☐ **Prime Rate Index Adjusted Monthly** - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal on the last business day of each calendar month.

☐ **Prime Rate Index Adjusted Quarterly** - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal on the last business day of each calendar quarter.

☒ **LIBOR Index Adjusted Quarterly** - The average of the one-month London Interbank Offered Rates published in the "Money Rates" section of The Wall Street Journal on the first business day of each of the three (3) calendar months immediately preceding the first day of each calendar quarter.

Any increase in the index and the Annual Percentage Rate which occurs while principal payments are deferred will increase the amount of any current and all future payments. Any increase in the index and the Annual Percentage Rate which occurs while principal and interest payments are deferred will increase the amount of all future payments. Any increase in the index and the Annual Percentage Rate which occurs after you have begun to make principal and interest payments on your loan will increase the amount of your future principal and interest payments beginning with your next annual payment adjustment date. For example, assume you obtain a loan in your junior year, in the amount of $10,000, at an interest rate of 11%, and you defer principal and interest payments until after your graduation, and the repayment term of the loan is 20 years. If the interest rate increased to 12% on January 1st of your senior year, the interest which accrues while principal and interest payments are deferred will increase by $ 91.01, and your monthly principal and interest payments would increase by $ 9.37.

**SECURITY:** You have given a security interest in all refunds or amounts owed to you at any time by the student's educational institution. Collateral securing other loans with the Lender may also secure this Loan.  
**LATE CHARGES:** If a payment is more than 15 days late, you may be charged $5.00 or 5% of the payment, whichever is less. If you default, Lender (or any subsequent holder or any subsequent holder of your Loan Note) may increase the margin used to compute the Annual Percentage Rate by two percentage points (2%).  
**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.

See your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, any security interest and prepayment refunds and penalties.

**Estimates:** All numerical disclosures except the late payment disclosure are estimates.

Principal Amount of Note (Amount Financed plus Prepaid Finance Charge)     $ __6,417.11__

Itemization of Amount Financed  
Amount paid to    ADAM S KELLY and    $ _____  
Amount paid to    STEPHEN KELLY    $ __6,000.00__

Total Amount Financed     $ __6,000.00__

Itemization of Prepaid Finance Charge  
Origination Fee     $ __417.11__  
Total Prepaid Finance Charge(s)     $ __417.11__

CXA TRAJ 4/03 9716    EOTUDP Education One Undgrad Def P&I

EXHIBIT B

## *Cosigned* Loan Application/Promissory Note – Signature Page

NON-NEGOTIABLE CREDIT AGREEMENT -- THIS IS A CONSUMER CREDIT TRANSACTION

### LOAN PROGRAM INFORMATION

Education One® Undergraduate Loan  
Lender: Bank One, N.A.  
Repayment Option: Deferred Principal and Interest  
Loan Amount Requested: $22000.00  
School: COLLEGE FOR CREATIVE STUDIES  
Academic Period: 06/2003-05/2004  
Deferral Period Margin: 4.85  
Loan Origination Fee Percentage: 1.50  
Repayment Period Margin: 4.85  

### STUDENT BORROWER INFORMATION (Must be at least 16 years of age)

Borrower Name: Adam S Kelly  
Home Address: 4037 N Gale Rd Davison, MI 48423  
Social Security #: [redacted]  
Date of Birth: [redacted]  
Home Telephone: 8106533454  
Student Citizenship (check one box): ☒ U.S. Citizen   ☐ Eligible Non-Citizen (Attach front & back copy of INS or student visa card)  
Note: Personal reference name and address cannot match that of the Cosigner.  
Personal Reference Name: Stephen N Kelly  
Reference Home Tel #: (810) 554-0006  
Work Tel #: _____  
Reference Street Address: 200 W South St Apt 5  
Reference City/State/Zip: Davison, MI 48423  

### COSIGNER INFORMATION (Must be at least 18 years of age)

Cosigner Name: RUSSELL BUSH, JR  
Home Address: 4037 N Gale Rd Davison, MI 48423  
Social Security #: [redacted]  
Date of Birth: [redacted]  
Home Telephone: 8106533454  
Have you ever defaulted on a student loan or declared bankruptcy? ☒ No   ☐ Yes  
Current Employer: Retired  
Employer Telephone: 8106533454  
Current Position: Retired  
Years There: _____  
Years at Previous Employment:  
Alimony, child support, or separate maintenance income do not have to be revealed if you do not want them considered for repaying this obligation. If you are relying on such additional income, please provide details on a separate sheet of paper.

Cosigner Citizenship (check one box): ☒ U.S. Citizen   ☐ Eligible Non-Citizen (Attach front & back copy of INS)  
Note: Personal reference name and address cannot match that of the Borrower.  
Personal Reference Name: Thais Bush  
Reference Home Tel #: (810) 653-2567  
Work Tel #: _____  
Reference Street Address: 4495 Crickles Rd Apt 241  
Reference City/State/Zip: Flint, MI 48532  

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this Application/Promissory Note EO.03-04.CSX1.30.1203. I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment. I understand that I am not required to fax my signature on this Application/Promissory Note to Lender. If I choose to fax my signature on this Application/Promissory Note to Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial Code. I, the Cosigner, have read the applicable cosigner notice(s).

FOR ALABAMA RESIDENTS: CAUTION -- IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER:  
(a) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.  
(b) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES.  
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.  
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

PLEASE SIGN BELOW -- RETURN This Page With Proof of Income and Other Information (if applicable) --  
FAX TO: 800-704-0407

Signature of Borrower: _Adam Kelly_      Date: 3-9-04  
Signature of Cosigner: _Russell Bush Jr_   Date: 3-9-04

EO.03-04.CSX1.30.1203  
PN01_EO_03-04_CSX1_F_K_KELLY_A102011630.pdf      LENDER COPY


EXHIBIT D

In this Application/Promissory Note, the words "I", "me", "my", and "mine" mean each and every Borrower and Cosigner, individually and collectively, who signed this Application/Promissory Note. The words "you", "your", "yours", and "Lender" mean Bank One, N.A., its successors and assigns, and any other holder of this Application/Promissory Note. "School" means the school named at the top of the first page of this Application/Promissory Note.

A. PROMISE TO PAY: I promise to pay to your order, upon the terms and conditions of this Application/Promissory Note, all principal, interest and other charges set forth herein.

B. LOAN; DISCLOSURE STATEMENT:

1. By signing this Application/Promissory Note, and submitting it to you, I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Application/Promissory Note. When you receive my signed Application, you are not agreeing to lend me money. You have the right not to make a loan or to lend an amount less than I am requesting. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.

2. If you decide to make a loan to me, you will mail me the disbursement check (the "Disbursement Check") and a statement disclosing certain information about the loan in accordance with the federal Truth-in-Lending Act (the "Disclosure Statement"). You have the right to disburse my Disbursement Check through an agent. At your option, you may also make any Disbursement Check co-payable to me and the Cosigner or to me and the School. In addition to other information, the Disclosure Statement will tell me the amount of my disbursement and the amount of the Loan Origination Fee. The Disclosure Statement is part of this Application/Promissory Note. Upon receipt of the Disclosure Statement, I will review the Disclosure Statement and notify you in writing if I have any questions. My endorsement of the Disbursement Check or allowing the loan proceeds to be used by or on behalf of the Student without objection will acknowledge receipt of the Disclosure Statement and my agreement to be legally bound by this Application/Promissory Note.

3. If I am not satisfied with the terms of my loan as disclosed in the Disclosure Statement, I may cancel my loan. To cancel my loan, I will give you a written cancellation notice, together with my unused Disbursement Check or, if I have already endorsed and delivered the Disbursement Check to the School, a good check, payable to you, in the full amount of the Disbursement Check. If I have delivered the Disbursement Check to the School, I cannot cancel more than ten (10) days after I originally received the Disbursement Check. If I give notice of cancellation but do not comply with the requirements of this Paragraph B.3, this Application/Promissory Note will not be canceled and I will be in default of this Application/Promissory Note. (See Paragraph I.)

C. DEFINITIONS:

1. "Disbursement Date" means the date shown on any Disbursement Check you prepare for me (not the date I endorse or negotiate my check).

2. The "Deferment Period" will begin on the Disbursement Date and end on the Deferment End Date.

3. "Deferment End Date" means the date specified below for the applicable loan program (the applicable loan program is stated on the first page of this Application/Promissory Note).

(a) *Education One Undergraduate Alternative Loan Program:* If I have elected the "Immediate Repayment" option (the applicable repayment option is stated on the first page of this Application/Promissory Note), there is no Deferment Period, and my first payment will be 30-60 days after the last disbursement of my loan. If I have elected the "Interest Only" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then interest payments will begin 30-60 days after the first disbursement of my loan, the "Deferment End Date" will be the date the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this loan program), and principal and interest payments will begin 30-60 days after that date. If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then the "Deferment End Date" will be 180 days after the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this Loan Program). In any event, the Deferment End Date will be no more than 4½ years after the Disbursement Date (or 5½ years if the Student is enrolled in a five-year undergraduate program at the School).

(b) *Education One Graduate Professional Education Loan Program:* 180 days after the Student graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4½ years after the Disbursement Date; provided, however, that if the Student begins a medical residency or internship during the Deferment Period, then the Deferment Period will end 180 days after the day the residency or internship ends, but no more than 8½ years after the Disbursement Date.

4. The "Repayment Period" begins the day after the Deferment Period ends, (or, if there is no Deferment Period, the day after the Disbursement Date). The Repayment Period is 20 years, unless monthly payments equal to the minimum monthly payment amount (See Paragraph E.4) will repay all amounts owed in less than 20 years, in which case the Repayment Period will be the number of months necessary to pay in full the amount I owe at the minimum payment.

D. INTEREST:

1. Accrual – Beginning on the Disbursement Date, interest on the outstanding balance of this Application/Promissory Note will accrue on the unpaid Loan Amount each day (including holidays and other days you are closed) at the Variable Rate (Paragraph D.2) divided by the number of days in the year in question.

2. Variable Rate – The "Variable Rate" is equal to the Current Index plus a Margin. The Margins for both the Deferment Period and the Repayment Period are shown on the first page of this Application/Promissory Note. In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio. The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date) is based on the London Interbank Offered Rate ("LIBOR") as published in the "Money Rates" section of *The Wall Street Journal*. Each calendar quarter, the index will equal the average of the LIBOR rates published on the first business day of each of the three (3) calendar months immediately preceding such calendar quarter, rounded to the nearest one-hundredth percent (0.01%). If *The Wall Street Journal* was not published or if the LIBOR rate was not published on any one or more of the first business days of each of the three calendar months immediately preceding the calendar quarter, then the Current Index will be determined by using the immediately preceding Current Index. If on any first business day of a calendar month more than one LIBOR rate is published, then the highest rate published will be used to calculate the Current Index. If the LIBOR rate is no longer available, you will choose a comparable index.

3. Capitalization – If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), I am not obligated to make any payments until the loan enters the Repayment Period. You will add unpaid accrued interest to the principal loan balance as of the last day of each calendar quarter (the last day of December, March, June and September) during the Deferment Period and at the end of my Deferment Period. Interest that is added to principal is called "Capitalized" interest. Capitalized interest will be treated as principal. In addition, if I am in default and the loan has been sold to TERI (see Section L.12), TERI may capitalize accrued and unpaid interest as of the date it purchases my loan. I understand that you will add all accrued and unpaid interest to the principal balance of my loan on the last day of the Deferment Period and at the end of any forbearance period.

E. TERMS OF REPAYMENT:

1. Deferment Period – If I have elected either the "Interest Only" repayment option or the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), you will send me statements during the Deferment Period (showing the total outstanding principal balance of my loan and the interest that has accrued on my loan). Statements will be sent to the address shown on your records. If I have elected the "Interest Only" repayment option, I agree to make payments each month during the Deferment Period equal to the accrued interest on the outstanding balance of this Application/Promissory Note. If I have elected the "Full Deferral" repayment option I may, but am not required to make payments during the Deferment Period. You will add any interest that I do not pay during the Deferment Period to the principal balance, as described in Paragraph D.3.

2. Repayment Period – During the Repayment Period, you will send me monthly statements or a coupon book which shows the amounts of minimum monthly payments and the payment due dates. You reserve the right to send monthly statements or coupon books to either the Borrower or the Cosigner. I will make consecutive monthly payments in amounts at least equal to such minimum monthly payments by the applicable payment due dates until I have paid all of the principal and interest and any other charges I may owe under this Application/Promissory Note.

3. Repayment Terms – My monthly payment will be established based on the rules in this Application/Promissory Note when my Repayment Period begins. My monthly payment amount will be calculated as of the day the Repayment Period begins ("Repayment Date"). It will also be calculated following any subsequent deferment or forbearance period or any request by the Borrower to the servicer to change the monthly payment due date (each of which events is a new "Repayment Date"). After any Repayment Date is set, my monthly payment will be recalculated once each year prior to the anniversary of the Repayment Date. My new monthly payment amount, which will take effect on the anniversary of the Repayment Date, will be disclosed to me each year by the servicer. The new monthly repayment amount will equal the amount necessary to pay in full, over the number of months remaining in the Repayment Period, the amount I owe in equal monthly installments of principal and interest at the Variable Rate in effect at the time of the calculation. I understand that this may result in a reduction or increase in my monthly payment as calculated each year. I understand that during the Repayment Period (and, if I have elected the "Interest Only" repayment option, during the period of monthly interest payments) the servicer may change the monthly payment due date of future payments to a later date for the convenience of the servicer in processing payments or in order to coordinate the due dates of all of my loans processed by the servicer. This change in monthly payment due date may result in the charging of additional interest in the month of the change, which I agree to pay.

4. Minimum Repayment – During the Repayment Period, my minimum payment will be at least $25 each month or the entire unpaid loan balance, whichever is less. I understand that I may pay more than my monthly payment at any time without penalty or charge.

5. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal, interest, and/or late charges at the end of the Repayment Period. If I have not paid my late charges, I will also owe additional amounts for those late charges. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full in a single payment.
6. Payments – Payments will be applied first to late charges and other fees and charges, then accrued interest, and the remainder to principal. If I have multiple loans processed by the servicer, and I submit a single payment that is not sufficient to pay all of the amounts I owe, such payment will be divided between or among the loans in accordance with applicable law and the servicer's customary procedures.
7. Other Charges - If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late charge not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. I will pay only one late charge for any payment, regardless of the number of days it is late. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of this Application/Promissory Note, including reasonable collection agency and attorney's fees and court costs and other collection costs.

F. LOAN ORIGINATION FEE: You may charge me an Origination Fee. If you charge me, at the time you issue any disbursement to me, or on my behalf, you may add the Origination Fee to my loan amount. The dollar amount of any Loan Origination Fee will be determined by multiplying the sum of the Loan Origination Fee and the Loan Amount Requested, to the extent advanced to me, times the Loan Origination Fee Percentage shown on the first page of this Application/Promissory Note. The percentage would be higher if computed only on the amount advanced rather than the entire principal amount (Loan Origination Fee plus Loan Amount Requested). For example, a nominal Loan Origination Fee of 6.5% on the entire principal amount would equal 6.9519% of the amount advanced. The Loan Origination Fee I will pay, if any, will be shown on my Disclosure Statement and will be added to the principal amount of my loan. To the extent permitted by law, and unless I timely cancel this Application/Promissory Note (see Paragraph B.3), I will not be entitled to a refund of any Loan Origination Fee after my Disbursement Check has been negotiated.

G. RIGHT TO PREPAY: I have the right to prepay all or any part of my loan at any time without penalty or charge.

H. FORBEARANCE: If I am unable to repay my loan in accordance with the terms established under this Application/Promissory Note, I may request that you modify these terms. I understand that such modification would be at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance and that you will add any interest that I do not pay during any forbearance period to the principal balance, as described in Paragraph D.3.

I. WHOLE LOAN DUE: To the extent permitted by applicable law, I will be in default if: (1) I fail to make any monthly payment to you when due, (2) I die, (3) I break any of my other promises in this Application/Promissory Note, (4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefits of my creditors, or (5) I make any false written statement in applying for this loan or at any time during the Deferment or Repayment Periods. I understand that if I default on my loan, disclosure of my loan information to consumer reporting agencies may adversely affect my credit rating. If I default, I will be required to pay interest on this loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default. To the extent permitted by law, upon default, you will have the right to give me notice that all amounts outstanding under this Application/Promissory Note are due and payable at once. Upon default, you may also capitalize any interest and fees (i.e., add accrued and unpaid interest and fees to the principal balance), and increase the Margin used to compute the Variable Rate by two percentage points (2%).

J. NOTICES:
1. I will send written notice to the servicer authorized by you to service my loan account, or any subsequent holder of this Application/Promissory Note, within ten days after any change in my name, address, or enrollment status at the School. I will send any notice that I give under this Application/Promissory Note to the servicer authorized by you to service my loan account, to the address you provide.
2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me. Unless required by applicable law, you need not give a separate notice to the Cosigner, if any.

K. INFORMATION:
1. I must update any and all information related to this Application/Promissory Note or my loan application whenever you ask me to do so.
2. I authorize you from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).

L. ADDITIONAL AGREEMENTS:
1. I understand that you are located in OHIO and that this Application/Promissory Note will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS APPLICATION/PROMISSORY NOTE WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES.
2. The proceeds of this loan will be used only for my educational expenses at the School. The Cosigner will not receive any of the loan proceeds.
3. My responsibility for paying the loan evidenced by this Application/Promissory Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Application/Promissory Note you may accept (a) late payments, (b) partial payments or (c) payments marked "paid in full" or with other restrictions. You may delay, fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time, or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Application/Promissory Note to me for payment or make protest of non-payment to me before suing to collect on this Application/Promissory Note if I am in default, and to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions. I WILL NOT SEND YOU PAYMENTS MARKED "PAID IN FULL", "WITHOUT RECOURSE" OR WITH OTHER SIMILAR LANGUAGE UNLESS THOSE PAYMENTS ARE MARKED FOR SPECIAL HANDLING AND SENT TO THE ADDRESS IDENTIFIED FOR SUCH PAYMENTS ON MY BILLING STATEMENT, OR TO SUCH OTHER ADDRESS AS I MAY BE GIVEN IN THE FUTURE.
4. I may not assign this Application/Promissory Note or any of its benefits or obligations. You may assign this Application/Promissory Note at any time.
5. The terms and conditions set forth in this Application/Promissory Note and Instructions and the Disclosure Statement constitute the entire agreement between you and me.
6. If any provision of this Application/Promissory Note is held invalid or unenforceable, that provision shall be considered omitted from this Application/Promissory Note without affecting the validity or enforceability of the remainder of this Application/Promissory Note.
7. A provision of this Application/Promissory Note may only be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Application/Promissory Note. If I fax my Application/Promissory Note, I have read and understand the prohibition regarding changes in Paragraph L.16.
8. To the extent permitted by law, you have the right to apply money from any of my deposit account(s) with you to pay all or a portion of any amount overdue under this Application/Promissory Note. If I am in default at any time (including but not limited to a situation where I give an improper cancellation notice), you may exercise on my behalf any right that I may have to cancel my enrollment at the School and receive a full or partial refund of payments made to the School. I authorize the School to pay any or all of such amounts directly to you upon receipt of notice from you that I am in default under this Application/Promissory Note, and I give you a security interest in all such amounts.
9. If this Application/Promissory Note is executed by more than one Borrower, any notice or communication between you and any of the Borrowers will be binding on all of the Borrowers. Each Borrower intends to be treated as a principal on this Application/Promissory Note and not as a surety. To the extent any Borrower may be treated as a surety, such Borrower waives all notices to which such Borrower might otherwise be entitled as such by law, and all suretyship defenses that might be available to such Borrower (including, without limitation, contribution, subrogation and exoneration). Each Borrower agrees that any Borrower may agree to any forbearance or other modification of the repayment schedule and that such agreement will be binding on each Borrower. It shall not be necessary for you to resort to or exhaust your remedies against any Borrower before calling upon any other Borrower to make repayment.
10. All dollar amounts stated in this Application/Promissory Note are in United States dollars. I will make all payments in United States Dollars with no deduction for currency exchange.
11. The Student's failure to complete the education program paid for with this loan will not relieve any Borrower of any obligation under this Application/Promissory Note.
12. **I acknowledge that the requested loan may be subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit loan guaranty agency.**
13. I authorize any School that I may attend to release to you, and any other persons designated by you, any requested information pertinent to this loan (e.g., enrollment status, prior loan history, and current address).
14. I authorize the Lender, any subsequent holder of this Application/Promissory Note, and their agents to: (1) advise the School of the status of my application and my loan, (2) respond to inquiries from prior or subsequent lenders or holders with respect to my Application/Promissory Note and related documents, (3) release information and make inquiries to the persons I have given you as references, for the purposes of learning my current address and telephone number (4) check my credit and employment history and to answer questions about their credit experience with me, and (5) disclose to TERI, the Borrower, and/or the Cosigner either in connection with this transaction or any future transaction all information (including status information and non-public personal information) of the Borrower and/or the Cosigner provided in connection with this Application/Promissory Note.
15. Waiver by Lender: Except as stated in Paragraph L.8, you waive (give up) any right to claim a security interest in any property to secure this Application/Promissory Note. This does not affect any right to offset as a matter of law.
16. If I fax my signature(s) on the first page of this Application/Promissory Note back to you and keep the copy I signed, I understand that under federal law the fax you receive will be an original of the first page of this Application/Promissory Note and I will relax the first page upon request by Lender. I may NOT amend the Application/Promissory Note by making changes to the Signature Page, which are

then faxed to Lender. If the Borrower faxes the Signature Page, and the Lender approves the application, then there will be two originals of the Agreement; the Lender's copy and the Borrower's copy.

**M. DISCLOSURE NOTICES**

---

**ALL APPLICANTS:**
**IMPORTANT FEDERAL LAW NOTICE—**

*Important Information about procedures for opening a new account:*
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

*What this means for you:*
When you open an account, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

---

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis.

CALIFORNIA and UTAH RESIDENTS ONLY: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. (For purposes of the following two notices, the word "you" refers to the Borrower and the Cosigner, not the Lender.)

IOWA RESIDENTS ONLY: If you are an Iowa resident and your amount financed is $25,000 or less, this is a consumer credit transaction.

IOWA and KANSAS RESIDENTS: NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under 12 U.S.C. §85 and related regulations and interpretations, which authority you expressly reserve.

**MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

NEVADA RESIDENTS: This is a loan for study.

NEW YORK, RHODE ISLAND, and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with updates, renewals of extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

NEW JERSEY RESIDENTS ONLY: The section headings of this Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

OKLAHOMA RESIDENTS ONLY: If I am in default and only if the total amount disbursed under this Note is greater than $3,600 (or any higher dollar amount established by law for the payment of such fees), I agree to pay the Lender's attorney's fees and court costs up to 15% of the unpaid debt.

WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 of the Wisconsin Statutes or court decree under Section 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, a statement or a decree or have actual knowledge of the adverse provision. If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

**N. BORROWER'S CERTIFICATION:** I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that all information I provided to you in connection with this loan, including without limitation the information contained in this Application/Promissory Note, is true, complete and correct to the best of my knowledge and belief and is made in good faith. I understand that I am responsible for repaying immediately any funds that I receive which are not to be used or are not used for educational expenses related to attendance at the School for the academic period stated. I certify that I am not now in default on a Federal Perkins Loan, a Federal Stafford Loan, a Federally Insured Student Loan, a Federal Supplemental Loan for Students (SLS), a Federal PLUS Loan, an Income Contingent Loan, a Federal Consolidation Loan, a Federal Ford Direct Loan, or any other education loan received for attendance at any school.

**O. STATE-SPECIFIC COSIGNER NOTICES:** For the purposes of the following notices only, the words "you" and "your" refer to the Cosigner, where applicable, not to the Lender.

**FOR OBLIGORS COSIGNING IN VERMONT: For purposes of the following notice, the words "you" and "your" refer to any Cosigner, not to the Lender. "Note" means this Application/Promissory Note.** *NOTICE TO COSIGNER:* **YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

## FEDERAL AND CALIFORNIA COSIGNER NOTICES

For the purposes of these Notices, the words "you" and "your" refer to the Cosigner, not the Lender.

### NOTICE TO COSIGNER (Traduccion en Ingles Se Requiere Por La Ley):

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The holder of the loan can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of *your* credit record.

This notice is not the contract that makes you liable for the debt.

### AVISO PARA EL FIADOR (Spanish Translation Required by Law):

Se le está pidiendo que garantice esta deuda. Piénselo con cuidado antes de ponerse de acuerdo. Si la persona que ha pedido este préstamo no paga la deuda, usted tendrá que pagarla. Esté seguro de que usted podrá pagar si sea obligado a pagarla y de que usted desea aceptar la responsabilidad.

Si la persona que ha pedido el préstamo no paga la deuda, es posible que usted tenga que pagar la suma total de la deuda, mas los cargos por tardarse en el pago o el costo de cobranza, lo cual aumenta el total de esta suma.

El acreedor (financiero) puede cobrarle a usted sin, primeramente, tratar de cobrarle al deudor. Los mismos metodos de cobranza que pueden usarse contra el deudor, podran usarse contra usted, tales como presentar una demanda en corte, quitar parte de su sueldo, etc. Si alguna vez no se cumpla con la obligación de pagar esta deuda, se puede incluir esa información en la historia de credito *de usted*.

Este aviso no es el contrato mismo en que se le echa a usted la responsibilidad de la deuda.

# NOTE DISCLOSURE STATEMENT

$ __24,043.72__   Borrower(s): ADAM S KELLY
Loan No.                             RUSSELL L BUSH JR

                       Student: ADAM S KELLY
                       Date:    MARCH 18, 2004

                       Lender Name and Address:
                       BANK ONE, NA (OHIO)
                       100 EAST BROAD STREET
                       COLUMBUS, OH 43125

This disclosure statement relates to your Loan Note disbursed on MARCH 18, 2004.
Because your Loan is either being disbursed or entering repayment, or the repayment terms are being modified, the following information about your Loan is being given to you.

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments scheduled. |
|---|---|---|---|
| 6.752 % | $ 22,421.60 | $ 22,000.00 | $ 44,421.60 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are due |
|---|---|---|
| 240 | $ 185.09 | On the 1st day of each month beginning on 11/2005 |
|  |  |  |
|  |  |  |

VARIABLE RATE: The Annual Percentage Rate, which is based on an index plus a margin, may increase during the term of the loan if the index rate increases. The index is (check one):
☐ Prime Rate Index Adjusted Monthly - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal on the last business day of each calendar month.
☐ Prime Rate Index Adjusted Quarterly - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal on the last business day of each calendar quarter.
☒ LIBOR Index Adjusted Quarterly - The average of the one-month London Interbank Offered Rates published in the "Money Rates" section of The Wall Street Journal on the first business day of each of the three (3) calendar months immediately preceding the first day of each calendar quarter.

Any increase in the index and the Annual Percentage Rate which occurs while principal payments are deferred will increase the amount of any current and all future payments. Any increase in the index and the Annual Percentage Rate which occurs while principal and interest payments are deferred will increase the amount of all future payments. Any increase in the index and the Annual Percentage Rate which occurs after you have begun to make principal and interest payments on your loan will increase the amount of your future principal and interest payments beginning with your next annual payment adjustment date. For example, assume you obtain a loan in your junior year, in the amount of $10,000, at an interest rate of 11%, and you defer principal and interest payments until after your graduation, and the repayment term of the loan is 20 years. If the interest rate increased to 12% on January 1st of your senior year, the interest which accrues while principal and interest payments are deferred will increase by $91.01, and your monthly principal and interest payments would increase by $9.37.

SECURITY: You have given a security interest in all refunds or amounts owed to you at any time by the student's educational institution. Collateral securing other loans with the Lender may also secure this Loan.
LATE CHARGES: If a payment is more than 15 days late, you may be charged $5.00 or 5% of the payment, whichever is less. If you default, Lender (or any subsequent holder or any subsequent holder of your Loan Note) may increase the margin used to compute the Annual Percentage Rate by two percentage points (2%).
PREPAYMENT: If you pay off early, you will not have to pay a penalty.

See your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, any security interest and prepayment refunds and penalties.

Estimates: All numerical disclosures except the late payment disclosure are estimates.

Principal Amount of Note (Amount Financed plus Prepaid Finance Charge)                $ __24,043.72__

Itemization of Amount Financed
Amount paid to    ADAM S KELLY and        $ _____
Amount paid to    RUSSELL L BUSH JR       $ __22,000.00__

Total Amount Financed                                                                  $ __22,000.00__

Itemization of Prepaid Finance Charge
  Origination Fee                         $ __2,043.72__
  Total Prepaid Finance Charge(s)                                                      $ __2,043.72__


EXHIBIT E

CLA TRAJ 6/03 FDI      EOTUDF Education One Undgrad Def P&I